Reese, J.
delivered the opinion of the court.
The only question in this case is, whether if the maker of a note, at the time of its maturity be the executor of the endorser, the holder is bound, in order to make the estate of the testator liable, to demand payment of the maker, and upon his default, to give him notice as executor, that he will look to the estate of the testator for payment. And we think it very clear that such notice is necessary. It is argued that the executor in such cases knows that he as maker has not paid. Certainly he does. But he does not know that it is the purpose of the holder to resort to the estate of his testator for payment. There is but one mode in which, according to law, knowledge of this can be brought home to him; namely, the usual notice from the holder. In ordinary cases, personal knowledge on the part of the endorser, that the maker has made default in payment, will not supply the want of the notice required by the law merchant; neither will it in this case: knowledge is not notice. For it is held, that the endorser is entitled to notice, although the drawer and acceptor are fictitious. Chitty on Bills, 529. So the death, bankruptcy, notorious insolvency, or the being in prison of the drawer or maker, constitute no exemption to the holder from the necessity of giving notice to the endorser of the default of such drawer or maker. That no injury was produced by the want of notice, and no indemnity attainable, if it had been given, can furnish no proper ground for its omission; and the reason is this: the endorser is not directly liable on the mere ground of his having endorsed. The law creates for him a conditional liability, and implies a contingent promise, that if default be made by the maker, and due notice of such default be given to him, he will pay. Notice, then, is an element in this implied contract, as important as the default itself; both must exist, or the endorser, not directly and primarily liable on his endorsement, never becomes so by operation of law. For these reasons, we think there is no error in the judgment of the circuit court, and we therefore affirm it.